UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENDALL J. MILTON**<br>    LA. DOC #505136<br>**VS.** | **CIVIL ACTION NO. 6:15-cv-0547**<br><br>**SECTION P**<br><br>**JUDGE HAIK** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Kenall J. Milton, an inmate in the custody of the Louisiana Department of Corrections, currently incarcerated at the Louisiana State Penitentiary, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on March 5, 2015. Petitioner attacks his 2006 conviction for second degree murder, for which he was sentenced to life imprisonment by the Twenty-Seventh Judicial District Court for St. Landry Parish, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Statement of the Case

On November 23, 2004, petitioner was indicted on a charge of second degree murder by the St. Landry Parish Grand Jury.  On January 18, 2006, he was found guilty as charged and on January 31, 2006 the mandatory sentence of life without parole was imposed.

Petitioner directly appealed his conviction to the Third Circuit Court of Appeals arguing insufficiency of the evidence. On September 27, 2006, the Third Circuit affirmed petitioner's conviction and sentence. *State of Louisiana v. Kendall Milton*, 2006-550 (La. App. 3 Cir. 9/27/2006), 939 So.2d 678. Petitioner's application for writs was denied by the Louisiana Supreme Court on December 7, 2007. *State of Louisiana v. Kendall Milton*, 2007-1140 (La. 12/7/2007), 969 So.2d 627; *State of Louisiana ex rel. Kendall J. Milton v. State of Louisiana*, 2007-0643 (La. 12/7/2007), 969 So.2d 625. Petitioner did not seek further direct review in the United States Supreme Court. [Doc. 1, ¶6(d)].

On December 7, 2009, petitioner filed an application for post-conviction relief in the District Court. [Doc. 1, ¶7(b)(3)]. He argued claims of ineffective assistance of counsel, insufficient evidence, inconsistent statements and failure of a witness to testify. [Doc.1, ¶7(b)(iv)]. Petitioner's application was denied by the trial court on September 30, 2010. [Doc. 1-2, p. 5]. Petitioner's request for writs was denied by the Third Circuit Court of Appeal on March 22, 2011 and, thereafter, by the Louisiana Supreme Court on March 23, 2012. *State of Louisiana v. Kendall Milton*, 2011-2055 (La. 3/23/2012), 85 So.2d 87. [*See also* Doc. 1, ¶7(b)(ix)].

Petitioner filed the instant petition on March 5, 2015; he again argues claims of ineffective assistance of counsel, insufficiency of evidence, and inconsistency of trial testimony.

## Law and Analysis

**1. Federal One-Year Limitation Period**

Title 28 U.S.C. § 2244(d)(1)(A) provides a one-year statute of limitations for the filing of federal petitions seeking *habeas corpus* relief by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . . " 28 U.S.C. § 2244(d)(1)(A).[1]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period (*see Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999) *citing Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

---

[1] Nothing in the record suggests that any State created impediments prevented the filing of this petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. *See* 28 U.S.C. § 2244(d)(1)(B), (C), and (D). Accordingly, these provisions are inapplicable.

Petitioner's direct appeal was ultimately denied by the Louisiana Supreme Court on December 7, 2007. *State of Louisiana v. Kendall Milton*, 2007-1140 (La. 12/7/2007), 969 So.2d 627; *State of Louisiana ex rel. Kendall J. Milton v. State of Louisiana*, 2007-0643 (La. 12/7/2007), 969 So.2d 625.  Thus, because petitioner did not seek further direct review in the United States Supreme Court, his judgment of conviction and sentence became final for AEDPA purposes on March 7, 2008,  90 days following the December 7, 2007 writ denial, when the time limits for seeking further direct review by filing a petition for *certiorari*  in the United States Supreme Court expired. *Palacios v. Stephens,* 723 F.3d 600, 604 (5th Cir. 2013) *citing  Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003). Thus, the AEDPA limitations period began to run on March 8, 2008 and petitioner had one year, or until March 8, 2009 to file his federal *habeas corpus* petition.

Petitioner did not file his application for post-conviction relief until December 7, 2009 [Doc. 1, ¶7(b)(3)] and by that time the 1 year period of limitations under the AEDPA had already expired and could not be revived even if his application was otherwise timely under Louisiana law.  *See Butler v. Cain*, 533 F.3d 314, 318 (5th Cir. 2008) (finding that because the federal one year limitation period had expired before the petitioner's state post-conviction application was filed "there was nothing to toll"); *Palacios,* 723 F.3d at 604 (because a state *habeas* petition not filed within the one-year limitation period, it did not statutorily toll the limitation clock and accordingly the limitation period expired prior to filing).

4

Thus, under § 2244(d)(1)(A), it is clear that the instant petition is untimely.

**2. Equitable Tolling**

Petitioner is also not entitled to equitable tolling. The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court, when assuming without deciding that equitable tolling is available, articulated that to be entitled to equitable tolling, the petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S.Ct. at 1085; *See also Pace*, 544 U.S. at 418. "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

The record does not support equitable tolling of the statute of limitations in the instant case. The circumstances faced by petitioner were not extraordinary, rare or so exceptional so as to provide a basis for equitable tolling. Moreover, petitioner has not shown that he pursued his rights diligently. Petitioner waited over one and one-half years after his conviction became final, and after the federal one year limitation period had passed, before filing his collateral attack in the Louisiana state courts. Moreover, petitioner waited nearly three years after the Louisiana Supreme Court denied writs on post-conviction review to file for relief in this Court.

Finally, although petitioner cites spiritual and religious reasons in support of timeliness, such arguments do not provide a basis for tolling. Accordingly, petitioner is not eligible for equitable tolling.

For these reasons,

**IT IS RECOMMENDED** that this petition for *habeas corpus* relief be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

      June 29, 2015, Lafayette, Louisiana.